UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BURK HOLDING CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-3503** |
| **MT. HAWLEY INSURANCE COMPANY** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] filed by defendant Mt. Hawley Insurance Company ("Mt. Hawley" or "defendant") to transfer venue to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Plaintiff Burk Holdings, LLC, ("Burk" or "plaintiff") opposes[2] the motion. For the following reasons, the Court grants the motion to transfer venue.

### I. BACKGROUND

The instant suit arises out of an insurance claim filed in the aftermath of Hurricane Ida. Before Hurricane Ida, Burk entered into a contract with Mt. Hawley for a policy of "surplus lines" insurance ("the policy") on an office building Burk owns in New Orleans.[3] Burk alleges that Hurricane Ida caused extensive damage to the insured property, but Mt. Hawley "grossly underpaid the claim" for certain claimed damage and "improperly denied coverage" for other claimed damage.[4] Burk filed its

---

[1] R. Doc. No. 12 (motion), R. Doc. No. 19 (reply in support of motion).
[2] R. Doc. No. 13.
[3] *Id.* at 2.
[4] R. Doc. No. 1 ¶¶ 10–18.

complaint in this Court, alleging breach of its insurance contract and bad faith, pursuant to La. Stat. Ann. §§ 22:1973 and 22:1892.[5]

Relying on a forum selection clause in the policy, Mt. Hawley now seeks to transfer the action to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). The forum selection clause at issue reads as follows:

LEGAL ACTION CONDITIONS ENDORSEMENT

> This endorsement adds the following to LEGAL ACTION AGAINST US elsewhere in the policy:
>
> All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).
>
> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.[6]

In its opposition, the plaintiff argues that the forum selection clause should not be enforced because it is "(a) ambiguous and merely permissive . . . ; (b) does not encompass all claims asserted by Burk even if deemed mandatory; and (c) is not enforceable because it is against Louisiana's strong public policy for expeditious and

---

[5] *Id.* ¶¶ 19–32.
[6] R. Doc. No. 12-2, at 95.

local resolution of insurance disputes."[7] Furthermore, Burk argues that Mt. Hawley should be precluded from prevailing on the motion to transfer because it failed to timely opt out of this district's Streamlined Settlement Program ("SSP") for Hurricane Ida claims.[8]

## II. STANDARD OF LAW

28 U.S.C. § 1404(a) permits a district court to transfer any civil action "[f]or the convenience of the parties and witnesses, in the interest of justice" to any other district "where it might have been brought." The moving party has the burden of showing "good cause" for a transfer by clearly demonstrating "that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting 28 U.S.C. § 1404(a)). If the transferee court is not clearly more convenient, then the court deciding whether to transfer should respect the plaintiff's choice of venue. *Id.* "[T]ransfer under § 1404(a) is 'committed to the sound discretion' of the transferring court[.]" *Hills v. Brinks, Inc.*, No. 07-4207, 2008 WL 243944, at *4 (E.D. La. Jan. 25, 2008) (Vance, J.)) (quoting *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988)).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations."[9] *Atl. Marine Const. Co. v. U.S. Dist. Ct.*

---

[7] R. Doc. No. 13, at 1.
[8] *Id.*
[9] "The private interest factors are: '(1) the relative ease of access of sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that

*for W. Dist. of Tx.*, 571 U.S. 49, 62 (2013). Where there is no forum selection clause, a district court weighing transfer gives deference to the plaintiff's choice of forum. *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016). However, pursuant to the Supreme Court's decision in *Atlantic Marine*, where there is a valid and enforceable forum selection clause, the § 1404(a) "calculus changes[.]" *Atl. Marine*, 571 U.S. at 63.

First, the court must determine whether the forum selection clause at issue is in fact valid and enforceable.[10] "[A] forum-selection clause is presumptively valid, and should be enforced unless the non-moving party can show that enforcement would be unreasonable or unjust under the circumstances." *William B. Coleman Co., Inc. v. Mt. Hawley Ins. Co.*, No. 22-1686, 2022 WL 2806438, at *3 (E.D. La. July 18, 2022) (Vance, J.) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 16–17 (1972)). A forum selection clause is unreasonable when: "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day

---

make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen of Am.*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign laws.'" *Id.* None of these factors are "of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

[10] The "*Atlantic Marine* transfer analysis presupposes the existence of a valid and enforceable forum selection clause[.]" *Duhon v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, No. 20-2022, 2021 WL 3709519, at *4 (E.D. La. Aug. 20, 2021) (Africk, J.).

4

in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Barnett*, 831 F.3d at 301.[11]

Once the district court determines that the forum selection clause is valid and enforceable, *Atlantic Marine* directs the district court to adjust its § 1404(a) analysis in three ways. "First, the plaintiff's choice of forum merits no weight." *Atl. Marine*, 571 U.S. at 63. "Rather, as the party defying the forum selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the district court "should not consider arguments about the parties' private interests." *Id.* at 64. "When parties agree to a valid forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation." *Id.* Effectively, the district court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files

---

[11] Forum selection clauses are also presumptively valid under Louisiana law. *See Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of La.*, 2013-1977 (La. 7/1/14), 148 So. 3d 871, 881 (quoting *M/S Bremen*, 407 U.S. at 13) ("[forum selection] clauses should be enforced in Louisiana unless the resisting party can 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'")

suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice of law rules—a factor that in some circumstances may affect public-interest considerations." *Id.*

The Supreme Court altered the § 1404(a) analysis in *Atlantic* Marine because, where a mandatory forum selection clause is present, "courts should not unnecessarily disrupt the parties' settled expectations" and "'the interest of justice' is served by holding parties to their bargain." *Id.* at 66. The Court stated that "because [the public interest factors] will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64. The party who is "acting in violation of the forum-selection clause . . . bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. Similarly, the Fifth Circuit has held that there is "a 'strong presumption' in favor of enforcing mandatory forum-selection clauses." *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018).

### III.  LAW & ANALYSIS

#### a. The Forum Selection Clause Is Unambiguous and Mandatory

Plaintiff first asserts that, prior to reaching the question of whether the forum selection clause is valid and enforceable, the clause at issue is ambiguous and should thus be construed as a permissive forum selection clause.[12] Specifically, plaintiff argues the clause is ambiguous because: (1) it requires that an action be filed in New

---

[12] R. Doc. No. 13, at 3.

York rather than limiting venue to a "specific locale,"[13] (2) the language in the clause is imprecise,[14] and (3) the inclusion of a "Louisiana Changes" provision in the policy indicates that Mt. Hawley "intended for Louisiana law to apply[.]"[15]

Another section of this court recently analyzed an identical forum selection clause and found it to be mandatory. *William B. Coleman Co., Inc.*, 2022 WL 2806438, at *2. The court noted that "[a] clause is considered mandatory 'only if it contains clear language specifying that litigation must occur in the specified forum.'" *Id.* (quoting *Weber v. PACTR XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016)). The court then looked to the language of the forum selection clause, which states that "'[a]ny litigation commenced by any Named Insured . . . against [Mt. Hawley] shall be initiated in New York.'" *Id.* (quoting E.D. La. Civil Case No. 22-1686, R. Doc. No. 3-2, at 100) (alterations in *Coleman*). The court concluded that, "[g]iven the use of the word 'shall,' the Court finds that the forum-selection clause here is mandatory." *Id.* (citing *Bentley v. Mut. Benefits Corp.*, 237 F. Supp. 2d 699, 701 & n.5 (S.D. Miss. 2002)). The court then noted that the plaintiff's claims for breach of insurance contract and bad faith were encompassed within the scope of this "broadly written" forum selection clause. *Id.* The *Coleman* court raised no concerns of ambiguity, and this Court agrees.[16]

---

[13] *Id.* at 5–6.
[14] *Id.* at 6–8.
[15] *Id.* at 7.
[16] The cases cited by the plaintiff to support its argument that the forum selection clause is ambiguous are distinguishable. The first two grounds advanced by Burk for finding the forum selection clause to be ambiguous based on the language of the endorsement are unavailing. The Court specifically notes that Burk does not contest

7

Burk's third grounds for finding the forum selection clause to be ambiguous, concerning the "Louisiana Changes" endorsement elsewhere in the policy, is likewise unpersuasive. Inclusion of the endorsement is required of all property policies entered into in Louisiana and does not evidence the parties' intent for Louisiana law to govern any disputes. *See Menard v. Gibson Applied Tech. & Eng'g, Inc.*, No. 16-498, 2017 WL 6610466, at *3 (E.D. La. Dec. 27, 2017) (Vance, J.) ("Indeed, the endorsement is a form endorsement drafted by the Insurance Services Office, or ISO. The form name and number, Louisiana Changes—Legal Action Against Us and CG 01 18 12 04, indicate that the endorsement must be attached to all commercial general liability policies covering risk in Louisiana.").[17] The inclusion of the "Louisiana Changes" section therefore does not indicate the defendant's intent for Louisiana law to apply when a dispute regarding the policy arises, nor does it indicate ambiguity regarding which law should apply. To conclude otherwise would render all forum selection clauses in Louisiana insurance policies ambiguous. Accordingly, the Court finds the language of the forum selection clause to be both unambiguous and mandatory.

---

that, if the case is to be transferred, it should be transferred to a district other than the Southern District of New York.

[17] The policy endorsement in the instant case is form name "Louisiana Changes," form number CP 01 16 04 08, and indicates that Insurance Services Office, Inc. holds the copyright. *See* R. Doc. No. 12-2, at 76–80.

### b. Burk's Claims Are Within the Scope of the Forum Selection Clause

Burk next argues that its "bad faith" complaints under La. Stat. Ann. §§ 22:1892 and 22:1973 are extracontractual and thus beyond the scope of the forum selection clause.

"The scope of a forum selection clause is not limited to claims for breach of the contract that contains the forum selection clause." *CajunLand Pizza, LLC v. Marco's Franchising, LLC*, No. 19-10366, 2020 WL 1157613, at *11 (E.D. La. Mar. 10, 2020) (Brown, C.J.) (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 445 (5th Cir. 2008)). "Indeed, forum selection clauses extending 'to all disputes that 'relate to' or 'are connected with' the contract are construed broadly.'" *Id.* (quoting *Pinnacle Interior Elements, Ltd. v. Panalpina*, No. 09-0430, 2010 WL 445927, at *5 (N.D. Tex. Feb. 9, 2010)); *see also Chalos & Co., P.C. v. Marine Managers, Ltd.*, No. 14-2441, 2015 WL 5093469, at *5 (E.D. La. Aug. 28, 2015) (Vance, J.) (noting that, "[a]s a general rule, courts read forum selection clauses broadly," and collecting cases).

Louisiana caselaw indicates that bad faith claims arise from the underlying contract and are therefore not extracontractual. The Louisiana Supreme Court held in *Smith v. Citadel Insurance Co.* that "an insurer's bad faith is a breach of its contractual obligation and fiduciary duty[.]" 285 So. 3d 1062, 1069 (La. 2019). The court reasoned that "the duty of good faith owed by the insurer to the insured 'is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract

9

between the parties.'" *Melendez v. S. Fid. Ins. Co.*, 503 F. Supp. 3d 504, 509 (E.D. La. 2020) (Ashe, J.) (quoting *Smith*, 585 So. at 1069).[18]

Likewise, caselaw from this district further supports finding bad faith claims to be encompassed within the broad language of "all matters arising hereunder" in the forum selection clause, and not extracontractual. The same claims at issue in the instant case—breach of insurance contract and bad faith—were also at issue in *Coleman*.[19] The court in *Coleman* determined that "plaintiff's claims against Mt. Hawley fall within the scope of this broadly written forum-selection clause[,]" making no distinction between the claims for breach of contract and bad faith. *Id.* at *2. This Court agrees. Mt. Hawley's alleged failure to appropriately and timely compensate Burk in violation of La. Stat. Ann. §§ 22:1892 and 22:1973 is encompassed by the forum selection clause's broad language of "all matters arising hereunder."

### c. Validity and Enforceability of the Forum Selection Clause

---

[18] Burk cites *Fils v. Starr Indemnity & Liability Co.*, 2017-896 (La. App. 3 Cir. 5/9/18), 263 So. 3d 1157, 1161, *on reh'g* (Feb. 4, 2019), for the proposition that bad faith claims are extracontractual ("these duties owed [under bad faith damages; La. Stat. Ann. §§ 22:1892 and 22:1973] by the insurer are established by statute and are not rights derived by contract."). However, upon rehearing the Louisiana Third Circuit Court of Appeals concluded that "'bad faith' claims are derived from the obligations [defendant insurer] assumed by nature of the insurance contract between the two parties—a duty the Louisiana Supreme Court stated 'is an outgrowth of the contractual and fiduciary relationship between the insured and insurer.'" *Id.* at 1170 (quoting *Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 5/20/97), 694 So.2d 184, 187).

[19] "[P]laintiff filed a complaint against Mt. Hawley in Louisiana state court, asserting claims for breach of an insurance contract and bad faith under Louisiana Revised Statutes §§ 22:1892 and 22:1973." *William B. Coleman Co., Inc.*, 2022 WL 2806438, at *1.

10

Burk next argues that the forum selection clause is unenforceable as it "contravenes the strong public policy of Louisiana prohibiting forum selection clauses in insurance contracts."[20] *See Barnett*, 831 F.3d at 301 (A forum selection clause is unreasonable, and therefore unenforceable, when "enforcement of the forum selection clause would contravene a strong public policy of the forum state."). Burk derives this claim from La. Stat. Ann. § 22:868(A)(2), which mandates that

> No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer.

However, the same statute contains an explicit exception for surplus lines policies: "The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance." *Id.* (D). Surplus lines insurers are exempted under the Insurance Code from filing or seeking approval of their forms pertaining to property insurance, pursuant to La. Rev. Stat. Ann. § 22:446(A) ("The commissioner shall not require surplus lines insurers to file or seek approval of their forms and rates for property and casualty insurance . . . ."). Mt. Hawley is a surplus lines insurer.[21] "Thus, § 868(A) does not render the forum-selection clause in this case unenforceable."

---

[20] R. Doc. No. 13, at 10. Burk does not assert that the forum selection clause is unenforceable because it is the product of "fraud or overreaching," that it will be deprived of its day in court because of the inconvenience or unfairness of the selected forum, or that it will be deprived of a remedy due to the "fundamental unfairness" of the chosen law. *Barnett*, 831 F.3d at 301.
[21] R. Doc. No. 13, at 13.

11

*Brooks & Brooks Invs. LLC v. Mt. Hawley Ins. Co.*, No. 22-03854, 2022 WL 17476969, at *2 (E.D. La. Dec. 6, 2022) (Zainey, J.) (enforcing an identical forum selection clause and transferring venue to the Southern District of New York).

"Moreover, any contention that Plaintiff can avoid the forum-selection clause in this case is eviscerated by a writ of mandamus that the Fifth Circuit issued [in *In re Mt. Hawley Insurance Co.*, No. 22-30111, 2022 WL 5360188 (5th Cir. Apr. 28, 2022) (per curiam)] earlier this year directed to the district court in the Western District of Louisiana." *Id.* The same forum selection clause at issue in *Coleman*, *Brooks & Brooks*, and the instant case was recently considered in *In re Mt. Hawley Insurance Co.*.

In *In re Mt. Hawley Insurance Co.*, the Fifth Circuit issued a writ of mandamus ordering the transfer of a similar lawsuit concerning a nearly identical forum selection clause from the U.S. District Court for the Western District of Louisiana to the U.S. District Court for the Southern District of New York. Defendant Mt. Hawley sought the writ after the district court found the clause to be contrary to Louisiana public policy.[22] Notably, the Fifth Circuit did not order the district court to apply the § 1404(a) public interest factors, as modified by *Atlantic Marine*, 571 U.S. at 64–65; it simply granted the petition for writ of mandamus, and ordered the court to vacate

---

[22] "Forum selection clauses in insurance contracts violate serious public policy interests of the forum state, namely allowing claims to be resolved in a more efficient manner and allowing courts of the forum state to interpret issues of state law . . . . Accordingly, the forum selection clause is unenforceable." *Ram Krishana Inc. v. MT Hawley Ins. Co.*, No. 21-03031, 2022 WL 266713, at *3 (W.D. La. Jan. 27, 2022), *vacated sub nom. Ram Krishana Inc. v. MT Hawley Ins. Co*, No. 21-03031, 2022 WL 5435477 (W.D. La. Apr. 29, 2022).

its prior order and transfer the case to the Southern District of New York. *Id.*; *cf. In re Drummond*, 886 F.3d 448, 449 (5th Cir. 2018) (explaining that a writ of mandamus is an extraordinary remedy that can only issue when the right to relief is "clear and indisputable").

Plaintiff's public policy arguments do not support a different outcome than those outcomes in *Brooks & Brooks* and *In re Mt. Hawley Insurance Co.* Applying *Atlantic Marine*'s modified § 1404(a) analysis, the Court finds no "extraordinary circumstances unrelated to the convenience of the parties" exists to warrant denial of Mt. Hawley's motion to transfer venue. *Atl. Marine*, 571 U.S. at 62. Indeed, public interest marshals in favor of enforcing the forum selection clause. The parties entered into a contract with a valid and enforceable forum selection clause; "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, at 33 (1988). Accordingly, the Court finds the forum selection clause at issue does not violate public policy and is enforceable.

### d. Streamlined Settlement Program

Finally, Burk argues that because Mt. Hawley failed to timely opt out of the Eastern District's SSP for Hurricane Ida claims, Mt. Hawley's motion to transfer venue violates the Case Management Order's[23] ("CMO") stay of "all pretrial matters, discovery, and related activity . . . for cases subject to this Order . . . ."[24] The Court is

---

[23] R. Doc. No. 10. The CMO "establishe[d] a mediation program, denominated as the Streamlined Settlement Program[.]"
[24] R. Doc. No. 13, at 14 (quoting R. Doc. No. 10, at 9).

13

unpersuaded that the existence of the CMO divests the Court of its authority, pursuant to 28 U.S.C. § 1404(a), to transfer venue as required by a mandatory, valid, and enforceable forum selection clause.[25]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the defendant's motion[26] to transfer venue is **GRANTED**, and this case is **TRANSFERRED** to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that the defendant's motion[27] to stay the CMO deadlines pending the outcome of its motion to transfer venue or, alternatively, to continue the initial disclosure deadline is **DENIED AS MOOT**.

New Orleans, Louisiana, January 13, 2023.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[25] Notably, in *419 Carondelet, LLC v. Certain Underwriter's at Lloyd's London, et al*, E.D. La. Case No. 22-4311, R. Doc. No. 13 (Vitter, J.), another section of this court recently granted reconsideration of its prior denial of the defendants' motion to compel arbitration and stay the proceedings. While the court initially denied the defendants' motion on the basis that they had failed to timely opt out of the SSP,[25] upon reconsideration, the court determined that, "in certain cases, the efficient administration of justice dictates that the Court give some flexibility to the parties, as appropriate[,]" and, "even though the parties failed to timely opt-out of the SSP, and because the Court finds that mandating the parties here to abide by the SSP will hinder rather than promote the swift and just resolution of this matter," the court granted reconsideration and the defendants' motion to compel arbitration and stay proceedings. *Id.* at 4, 6.

[26] R. Doc. No. 12.

[27] R. Doc. No. 14.